UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN MILLERS MUTUAL
INSURANCE COMPANY,

    Plaintiff,

v.

WESTPORT INSURANCE CORPORATION,

    Defendant.
_____/

Hon. Paul L. Maloney

Case No. 1:14-cv-00151-PLM

## OPINION

This matter is before the Court on Defendant Westport Insurance Corporation's ("Westport's") motion for attorney's fees and expenses (Dkt. 42), relating to its motion to compel production of documents and electronically stored information from Plaintiff Michigan Millers Mutual Insurance Company ("MMMIC") (Dkt. 27). Westport seeks $10,399.75 in attorney's fees and expenses under Fed. R. Civ. P. 37(a)(5)(A). The Court conducted a hearing on November 3, 2014. Having considered the parties oral and written submissions, the motion will be granted in part and denied in part.

### Procedural and Factual Background

This case involves a reinsurance dispute relating to a number of underlying lawsuits. Due to the nature of this action, it is a document-intensive case.

On May 7, 2014, the parties filed a Joint Status Report in which they agreed "to make available" by May 28, 2014, certain identified documents without the need of a formal request for production (Dkt. 14, Page ID#s 257-58). The parties also reached agreement regarding the

production of electronically stored information (*id.*, Page ID#s 258-59). During the May 20, 2014, scheduling conference, the deadline for voluntary production was extended at MMMIC's request to June 4, 2014, which was reflected in the Case Management Order (Dkt. 17, Page ID# 263). Westport completed its voluntary production of documents on June 4, 2014 (Dkt. 42-2, Exh. B, Page ID# 440).

On June 10, 2014, having not received MMMIC's promised voluntary disclosure of documents, Westport sent MMMIC an inquiry as to when it would receive them (Dkt. 42-3, Exh. C, Page ID# 444). Westport sent additional inquiries regarding the voluntary document production on June 12 and 16 (Dkt. 42-4 & 42-5, Exhs. D & E, Page ID#s 445-46).

On June 17, 2014, having still not received the documents (and apparently having received no response to its June 10, 12, and 16 inquiries), Westport served a Rule 34 request for a production of documents, including those identified by MMMIC for voluntary disclosure (hereinafter "subject documents") (Dkt. 22; Dkt. 42-6, Exh. F, Page ID#s 447-56). The document request made clear that the subject documents were to be sent to the Chicago, Illinois, law offices of Westport's attorneys (Dkt. 42-6, Exh. F, Page ID# 447). In addition, the Rule 34 request incorporated the parties previous agreement that: "All documents in electronic format should be produced in single page TIFF format with DII load file, to the extent possible. Otherwise, documents should be produced in their 'native' format . . . and within their original file structure" (Rule 34 Request, Dkt. 42-6, Page ID# 450; compare Joint Status Report, ¶ 10, Dkt. 14, Page ID#s 258-59). MMMIC's responses were due July 18, 2014. *See* FED. R. CIV. P. 34(b)(2)(A).

In a July 11, 2014, email, Westport's counsel reminded MMMIC's counsel of plaintiff's agreement to voluntarily produce the documents identified in the Joint Status Report, which were

also subject to the Rule 34 request for documents; Westport's counsel specifically asked MMMIC's counsel to advise if that understanding was incorrect (Dkt. 42-7, Exh. G, Page ID# 457). Apparently, MMMIC's counsel never contradicted that understanding. A week later, Westport agreed to MMMIC's request for "an additional 14 days to . . . produce responsive documents" (Dkt. 42-8, Exh. H, Page ID# 459).

On August 1, 2014, MMMIC served its response to Westport's Rule 34 request for production of documents (Dkt. 47-1, Page ID#s 525-35). While MMMIC listed a number of general and specific objections to the document requests, it proffered nothing to suggest that it was unable or unwilling to send the documents in electronic format to Westport counsel's Chicago law offices.[1] MMMIC's counsel advised in his cover letter that "many documents [were] ready for production," but he noted the need for a protective order to prevent Westport's dissemination of the documents to persons not involved in the case (Dkt. 42-9, Exh. I, Page ID# 460). There was no mention in this correspondence of any concern regarding – much less objection to – the request to send copies of the documents to Westport counsel's Chicago office.

On August 6, 2014, the parties filed a joint proposed protective order regarding the handling of "Discovery Material," including "written, electronic, recorded or graphic material . . . produced by or obtained from any party or other person from whom Discovery Material may be sought . . . during the proceedings in this action" (Agreed Protective Order, ¶ 1; Dkt. 24-1, Page ID# 279). The Court entered the proposed protective order the next day (Dkt. 26).

---

[1] During the November 3, 2014, hearing, counsel for MMMIC acknowledged that 70-80% of the material responsive to Westport's Rule 34 document request was electronically stored information.

Also on August 6, 2014, Westport's counsel reminded MMMIC's counsel in an email of the parties' agreement to produce documents "in single page TIFF format with DII load file . . . [or] in their 'native' format" (Dkt. 42-10, Exh. J, Page ID# 461).  On August 11, 2014, having neither received the documents nor (apparently) a response to his August 6 email, Westport's counsel renewed his request for a date MMMIC intended to produce the documents (Dkt. 42-11, Page ID# 462).  In an August 14, 2014, email, Westport's counsel made one last attempt to obtain the subject documents (Dkt. 42-12, Exh. L, Page ID# 464).  Westport's counsel advised MMMIC's counsel that, if MMMIC did not produce the documents by August 20, 2014, Westport intended to seek relief from the Court (*id.*).  MMMIC never responded to either the August 6 or the August 14 email.[2]

On August 25, 2014, Westport filed a motion to compel production of the subject documents (Dkt. 27).  MMMIC responded to the motion with a two-page brief in which it essentially relied on its assertion that it had "provided responses" to Westport's Rule 34 document request and had been "awaiting Westport counsel's communication regarding scheduling an appointment to come and review relevant documents" (Dkt. 31, Page ID# 341).  With leave of Court, Westport filed a reply brief on September 16, 2014 (Dkt. 34).  On September 17, 2014, the Court noticed the motion for hearing on October 3, 2014 (Dkt. 35).

On October 2, 2014, the day before the scheduled hearing, MMMIC stipulated to the entry of an order granting the discovery Westport sought in its motion to compel (Agreed Order, Dkt. 38).  The Agreed Order noted that the production would be made no later than October 10, 2014, "in single page TIFF format with DII load file, to the extent possible, or otherwise in the documents'

---

[2]During the hearing, MMMIC counsel offered that he was "distracted" by some health issues during this time period, and that he was having "problems" with his email system.  He did not dispute that the emails had been sent.

'native' format" (*id.*). On October 13, 2014, MMMIC produced approximately 66,000 pages of documents in electronic format on three CDs.[3]

## Discussion

Pursuant to Rule 34, "[a] party may serve on any other party a request within the scope of Rule 26(b) . . . to produce and permit the requesting party or its representative to inspect, copy, test, or sample . . . any designated documents or electronically stored information . . . stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form . . . ." FED. R. CIV. P. 34(a)(1)(A). The party to whom the document request is made must respond in writing within thirty days of being served. FED. R. CIV. P. 34(b)(2)(A). With respect to electronically stored information, "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." FED. R. CIV. P. 34(b)(2)(E)(i). Responses to Rule 34 document requests "must either state that the inspection and related activities will be permitted *as requested* or state an objection to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B) (emphasis supplied).

In responding to Westport's Rule 34 request, MMMIC did not object to the request that the documents be sent to Westport's counsel's Chicago office. As evident from the Joint Status Report, as well as the correspondence outlined above, the parties understood – in fact, agreed – that the production of electronically stored information would be in a digital format. That is what was

---

[3] Westport's counsel so advised the Court during the November 3, 2014, hearing and in Defendant's brief (Dkt. 42, Page ID# 432).

ultimately done: on October 13, 2014, MMMIC sent the three CDs containing the responsive material to Westport's counsel.

MMMIC made repeated promises to produce the subject documents, beginning with the May 7, 2014, Joint Status Report, but it failed to do so for nearly three months after the deadline for responding to Westport's Rule 34 request, and more than four months after the deadline for voluntary production set by the Court in the Case Management Order. Even then, compliance was obtained only after Westport filed its motion to compel, and on the eve of the scheduled hearing.

That constitutes a sufficient basis for awarding reasonable attorney's fees and expenses to Westport. Rule 37 provides, in pertinent part: "If the motion [to compel] is granted – *or if the disclosure or requested discovery is provided after the motion was filed* – the court *must*, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A) (emphasis supplied). There are only three exceptions to this rule, none of which apply in this case. *See* FED. R. CIV. P. 37(a)(5)(A)(i-iii).

First, as demonstrated by the underlying facts recited above, Westport attempted in good faith to obtain the documents that were subject to its motion to compel. In addition to the many emails and other efforts to obtain the documents, Westport's counsel advised the Court during the November 3, 2014, hearing that he discussed this matter with MMMIC's counsel by telephone on several occasions. On June 23, 2014, Westport and MMMIC's counsel conducted a telephonic conference with the assigned mediator, in which MMMIC's counsel acknowledged that the

documents were due.[4]  Westport's counsel also advised the Court that, between August 1 and August 6, he discussed this matter with MMMIC's counsel on several occasions, as required by W.D. Mich. LCivR 7.1(d).  It is hard to imagine what additional efforts Westport should, or could, have reasonably been expected to expend.

Second, MMMIC's failure to timely produce the documents was not "substantially justified." *Cf. Doe v. Lexington-Layette Urban County Gov't*, 407 F.3d 755, 765 (6th Cir. 2005) (noting that the phrase "substantially justified" has been interpreted to mean the motion to compel "raises an issue about which 'there is genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action'" (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).  To the contrary, MMMIC's actions were both unjustified and unreasonable under the circumstances. MMMIC has never contended that the subject documents were privileged or otherwise undiscoverable.  It relies solely on its contention that it complied with its obligation when, on August 1, 2014, it responded to the Rule 34 requests by making a general statement that it would "produce documents and/or make documents available for inspection which are responsive to this request upon the entry of a mutually agreeable protective order" (Dkt. 47, Page ID# 518).  While Rule 34 generally requires only that documents be made available for inspection, *see Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 575 (D. Md. 2010), objections to requests for production, including the mode and manner of the production requested, must be made in a timely manner.  *See* FED. R. CIV. P. 34(b)(2)(A), (B); *see also Cadenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611, 619 n.29 (D. Kan. 2005); *Jayne H. Lee, Inc. v. Flagstaff Indus. Corp.*, 176 F.R.D. 651, 656 (D. Md.

---

[4]The mediation scheduled for September 23, 2014, had to be adjourned as a result of MMMIC's failure to timely produce its documents (Dkt. 42, Page ID# 429).

1997) ("[A] response to a request for production of documents which merely promises to produce the requested documents at some unidentified time in the future, without offering a specific time, place and manner . . . is treated as a failure to answer or respond.").

MMMIC failed to make a timely objection to the mode or manner of production requested by Westport – notably, it raised this issue only after the motion to compel had been filed. Moreover, it is evident that the parties had reached an understanding that, at least with respect to electronically stored information, the production would be accomplished by transmitting the material in digital format. Certainly, this is no more onerous a method of production than giving opposing counsel access to a computer file in which the subject documents have been segregated.

MMMIC's contention that it complied with its discovery obligations on August 1, 2014, by noting its willingness to make the subject documents "available for inspection" rings hollow, particularly in light of its previous agreement regarding the format for producing electronically stored information (*see* Joint Status Report, ¶ 10, Dkt. 14, Page ID#s 258-59 ("All documents in electronic format will be produced in single page TIFF format with DII load file, to the extent possible.")). To assume that MMMIC intended such "production" to mean nothing more than it would make the electronically stored information "available" at its Michigan office renders the formatting agreement nonsensical. MMMIC's justification is also belied by its insistence in having a protective order in place prior to the production of the subject documents, which it stated was needed to prevent Westport's dissemination of the documents to persons not involved in the case (Dkt. 42-9, Exh. I, Page ID# 460).

Moreover, MMMIC's failure to respond to Westport's several attempts to resolve this issue renders its actions suspect. It had many opportunities to discuss its concerns about the mode and

manner of production of the subject documents; opportunities it chose not to take. Apparently, it had no difficulty completing the electronic production once the motion to compel was filed. The reasonableness of it's contention that it was awaiting contact from Westport's counsel to schedule an appointment to review the documents (see Dkt. 31, Page ID# 341) is belied by the email and telephonic communications from Westport's counsel between August 1 and August 25, 2014.

Finally, the Court has considered whether there are any other circumstances that would make the award of expenses unjustified, as required by Rule 37(a)(5)(A)(iii). MMMIC has offered nothing to support such a conclusion, and the Court is unaware of any such circumstance.

Accordingly, the Court will award Westport reasonable attorney's fees and expenses that were incurred in making its motion to compel. The award of costs is the norm, rather than the exception. *Eastern Maico Distribs., Inc. v. Maico-Fahrzeugfabrik*, 658 F.2d 944, 949 n.4 (3d Cir. 1981); *see Boles v. Lewis*, No. 1:07-cv-277, 2009 WL 2021743, at * 3 (W.D. Mich. July 7, 2009).

Having reviewed affidavits of the three Westport counsel (Dkt. 42-13, Page ID#s 466-72), the Court has determined that the hourly rate for each of the three attorneys is reasonable.[5] A reasonable hourly rate multiplied by "the proven number of hours reasonably expended on the case by the attorney" typically produces a reasonable attorney's fee. *Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

---

[5]The Court is not including the attorneys' time preparing these affidavits or the fee petition in the award of costs. *See* FED. R. CIV. P. 37(a)(5)(A) (referring to "reasonable expenses incurred in making the motion," meaning the motion to compel); *see also May v. F/V Lorena Marie*, No. 3:09-cv-114, 2012 WL 395286. *6 (D. Alaska Feb. 7, 2012) ("Pursuant to case law, counsel may not include the preparation of his declaration regarding costs and fees for inclusion in the Court's award for sanctions." (citing *Addington v. Mid-American Lines*, 77 F.R.D. 750, 751 (W.D. Mo 1978)); *Addington*, 77 F.R.D. at 751 (the time spent by counsel preparing his affidavit setting out his fees cannot fairly be considered as an expense incurred in obtaining an order to compel).

The Sixth Circuit has identified a dozen factors that may assist lower courts in determining the reasonableness of an hourly rate, or a number of hours worked:

> (1) time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time and limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesireability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in "similar cases."

*Isabel*, 404 F.3d at 415. Here, the first two factors are the most important. MMMIC's actions caused Westport to expend time in making its motion to compel, but the questions presented in connection with that motion were not novel or particularly difficult.

In order to accept the claimed time expenditure, "the documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *United Slate, Tile & Composition Roofers Ass'n Local 307 v. G. & M. Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 n.2 (6th Cir. 1984). "The burden is on the fee applicant to produce satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

MMMIC, having had the opportunity to review Westport's fee petition, supporting affidavits and time sheets, has failed to make any specific objection to the hourly rate or the amount of time Westport's counsel claim to have expended on the motion to compel. Instead, MMMIC contends that Westport is not entitled to any fee recovery, and it complains that the $10,399.75 Westport now

seeks is significantly higher than the $4,700.00 Westport demanded at the time the stipulated order resolving the dispute was filed (Dkt. 47, Page ID#s 521-22).

The Court has reviewed the time entries of Westport's counsel (Dkt. 42-13, Page ID#s 473-510), and has determined that the following times were reasonably expended on briefing the motion to compel:

>  8/21/14 – JSS – 0.80 hours @ $210.00 = $168.00 (Page ID# 482)
>  8/22/14 – AHF – 0.50 hours @ $299.25 = $149.62 (Page ID# 482)
>  8/22/14 – JSS – 4.40 hours @ $210.00 = $924.00 (Page ID# 483)
>  8/23/14 – JSS – 1.70 hours @ $210.00 = $357.00 (Page ID# 483)
>  8/24/14 – IJL – 0.90 hours @ $190.00 = $171.00 (Page ID# 483)
>  8/25/14 – IJL – 1.30 hours @ $190.00 = $247.00 (Page ID# 483)
>  8/25/14 – IJL – 0.30 hours @ $190.00 = $57.00 (Page ID# 483)
>  8/25/14 – JSS – 2.10 hours @ $210.00 = $441.00 (Page ID# 484)
>  9/8/14 – JSS – 0.70 hours @ $210.00 = $147.00 (Page ID# 490)
>  9/12/14 – JSS – 1.40 hours @ $210.00 = $294.00 (Page ID# 493)
>  9/12/14 – JSS – 1.90 hours @ $210.00 = $399.00 (Page ID# 493)
>  10/2/14 – JSS – 0.40 hours @ $210.00 = $84.00 (Page ID# 503).

The total number of hours expended on drafting the briefs relating to the motion to compel – which includes a reply brief – is 16.4 hours, and the total cost for that time is $3,438.62. The total fee of $3,438.62 must be discounted by 7.5 percent, pursuant to the agreement between Westport and its counsel (Dkt. 42-13, Page ID# 468), resulting in a net expense of $3,180.72.

## **Conclusion**

For the reasons set forth herein, Westport's motion for attorney's fees and expenses (Dkt. 42) will be granted in part and denied in part. Westport's motion will be granted to the extent that it will be awarded $3,180.72 under Fed. R. Civ. P. 37(a)(5)(A). The remainder of its motion will be denied.

Date: November 7, 2014                    /s/ Phillip J. Green

                                          PHILLIP J. GREEN
                                          United States Magistrate Judge